IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| MARLON MAURICE ELLIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV 114-048 |
| ) | |
| HENRY O. YOUNG, Cert Officer, et al., ) | |
| ) | |
| Defendants. ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

*Pro se* Plaintiff, an inmate at Augusta State Medical Prison in Grovetown, Georgia, brought the above-captioned case pursuant to 42 U.S.C. § 1983 and is proceeding *pro se* and *in forma pauperis* ("IFP"). Plaintiff alleges Defendants used excessive force on December 16, 2013. (Doc. no. 13.) Defendants filed motions for summary judgment and the Honorable J. Randal Hall denied the motions on March 2, 2016. (Doc. no. 78.) Before the Court is Plaintiff's motion for a preliminary injunction. (Doc. no. 91.)

**I.  DISCUSSION**

Plaintiff alleges the same facts that are the subject of his complaint, namely, that as a result of Defendants' alleged use of excessive force, he suffers from continued migraine headaches and nightmares. (Cf. doc. no. 91, pp. 5-9 with doc. no. 13.) Plaintiff asks the Court grant him monetary damages and provide "a medically appropriate course of physical therapy . . . designed to restore and maintain the full function of . . . [his] mind." (Doc. no. 91, pp. 1-2.)

A party moving for injunctive relief must show the following: "(1) substantial likelihood of success on the merits; (2) irreparable injury will be suffered unless the injunction issues; (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) if issued, the injunction would not be adverse to the public interest." McDonald's Corp. v. Robertson, 147 F.3d 1301, 1306 (11th Cir. 1998) (citing All Care Nursing Serv., Inc. v. Bethesda Mem'l Hosp., Inc., 887 F.2d 1535, 1537 (11th Cir. 1989)). "A preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly establishes the 'burden of persuasion' as to the four requisites." All Care Nursing Serv., Inc., 887 F.2d at 1537 (citing United States v. Jefferson County, 720 F.2d. 1511, 1519 (11th Cir. 1988)).

Here, Plaintiff has not met his burden of persuasion on all four requisites for obtaining injunctive relief. Plaintiff cannot establish a substantial likelihood of success on the merits because he has not raised a claim for deliberate indifference to a serious medical need in his complaint. Plaintiff's only claim is one of excessive force against Defendants, CERT team officers, and he has not pled any facts suggesting medical deliberate indifference. (See generally doc. no. 13.)

Secondly, Plaintiff has not shown that he will suffer irreparable injury if the injunction is not granted. In order to satisfy the irreparable injury requirement, Plaintiff must show the threat of injury is "neither remote nor speculative, but actual and imminent." Northeastern Fla. Chapter of Ass'n of General Contractors of Am. v. City of Jacksonville, Fla., 896 F.2d 1283, 1285 (11th Cir. 1990) (quoting Tucker Anthony Realty Corp. v. Schlesinger, 888 F.2d 969, 973 (2nd Cir. 1989)); see also Church v. City of Huntsville, 30 F.3d 1332, 1337 (11th Cir. 1994) (Plaintiff must show "a real and immediate – as opposed to

2

a merely conjectural or hypothetical – threat of *future* injury."). Plaintiff does not allege Defendants will use excessive force on him again, and has not demonstrated a real and immediate threat of future harm. Furthermore, Plaintiff has not shown irreparable harm will occur as a result of delay in treatment of "migraine headaches" and "nightmares."

Having found Plaintiff has failed to satisfy these requirements for a preliminary injunction, the Court need not consider the remaining factors. Preliminary injunctive relief is not warranted and Plaintiff's motion should be denied. Church v. City of Huntsville, 30 F.3d 1332, 1342 (11th Cir. 1994) ("Because we conclude that the plaintiffs failed to establish a substantial likelihood of success on the merits, we will not address the three other prerequisites of preliminary injunctive relief.")

## II. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Plaintiff's motion for a preliminary injunction be **DENIED**. (Doc. no. 91.)

SO REPORTED and RECOMMENDED this 21st day of November, 2016, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA